UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIEWEN LIN,<br>    Petitioner<br>and<br>BINGLIN ZHONG,<br>    Respondent<br>and<br>ANT BICYCLE INC.,<br>SEABUSINESS INC.,<br>and<br>COUREE, INC.<br>    Trustee/Reach and Apply Defendants | Civil Action No: |

**PETITION TO CONFIRM AND ENFORCE**
**FOREIGN ARBITRATION AWARD**

**Introduction**

The Petitioner, JIEWEN LIN ("Ms. Lin"), respectfully petitions this Court to recognize, confirm and enforce a foreign arbitration award rendered in Guangzhou, China (the "Final Award"), and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. Section 207 in a case commenced by Ms. Lin against BINGLIN ZHONG ("Mr. Zhong") before the Guangzhou Arbitration Commission (here and after referred to as the "Arbitration Commission"). The arbitral award was docketed as S.Z.A.Zi. No. 173.

The Final Award granted monetary relief against Mr. Zhong as follows: (i) a loan principal of RMB 6,536,800 and interest to Ms. Lin (as of December 31, 2013, the interest owed by the Respondent was RMB 4,213,252.07, the remaining interest is calculated based on the loan principal of RMB 6,536,800, at a monthly interest rate of 2%, from January 1, 2014 to the date the debt will be settled); (ii) a notarization fee of RMB 9,475; (iii) a public notification service fee of RMB 6,580; (iv) a lawyer's fee of RMB 30,000; and (v) an arbitration fee of RMB 148,966.

1

The total amount of the award in dollars is $1,679,619.25, with interest continuing to accrue from January 1, 2014 until paid in full.

A true and genuine copy of the authenticated Final Award dated November 1, 2020 in Mandarin is attached hereto as **Exhibit 1**. A true and genuine copy of the certified English translation of the Final Award is attached as **Exhibit 2.**

Confirmation of the final Award is expressly authorized by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201, *et seq.*

## Parties

1.  Ms. Lin is a Chinese citizen and non-permanent resident of Macao, Special Administrative Region of People's Republic of China.

2.  Mr. Zhong is a Chinese citizen who, on information and belief, resides at 50 Island View Place, Apt. 605, Boston, MA 02125. Mr. Zhong is also an officer of and holds interests in the below named companies.

3.  The Trustee/Reach and Apply Defendant, Ant Bicycle Inc ("Ant Bicycle") is a company doing business in the Commonwealth of Massachusetts. Ant Bicycle holds the goods, credits, and effects of Mr. Zhong which are subject to attachment by trustee process under G.L. Ch. 246, § 20. Mr. Zhong also holds an interest in Ant Bicycle which is subject to be reached and applied, under G.L. G. L. c. 214, § 3 (6)-(7), in satisfaction of a judgment entered by this Court.

4.  The Trustee/Reach and Apply Defendant, Seabusiness Inc. ("Seabusiness"), is a company doing business in the Commonwealth of Massachusetts. Seabusiness holds the goods, credits, and effects of Mr. Zhong which are subject to attachment by trustee process under G.L.

Ch. 246, § 20. Mr. Zhong also holds an interest in Seabusiness which is subject to be reached and applied, under G. L. c. 214, § 3 (6)-(7), in satisfaction of a judgment entered by this Court.

5. The Trustee/Reach and Apply Defendant, Couree Inc. ("Couree"), is a company doing business in the Commonwealth of Massachusetts. Couree holds the goods, credits, and effects of Mr. Zhong which are subject to attachment by trustee process under G.L. Ch. 246, § 20. Mr. Zhong also holds an interest in Couree which is subject to be reached and applied, under G. L. c. 214, § 3 (6)-(7), in satisfaction of a judgment entered by this Court.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this matter pursuant to 9 U.S.C. § 203 as this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, commonly known as the "New York Convention".

4. The Final Award is governed by the New York Convention because: (i) the award arose from a commercial legal relationship between the parties; (ii) there was an agreement in writing to arbitrate any dispute(s) arising from that relationship; (iii) the agreement provided for arbitration proceedings to take place in China, a signatory to the New York Convention; and (iv) at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202.

5. Section 203 of the Federal Arbitration Act, which provides subject matter jurisdiction to enforce an arbitration award governed by the New York Convention provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. §204 because the parties' arbitration agreement and the enforcement of the arbitration award falls under the terms of the New York Convention, and a proceeding relating to the parties' dispute could have been brought in the United States District Court for the District of Massachusetts, if not for the parties' agreement to arbitrate the dispute because the Respondent is a resident of Massachusetts.

### Facts

7. From 2009 to 2013, Ms. Lin made several loans to Mr. Zhong whose business had encountered urgent cash flow problems. Although Mr. Zhong promised to pay Ms. Lin a monthly interest until the principal and interest are paid off, Mr. Zhong only made partial interest payments and did not make any repayment of the principal at all.

8. On January 1, 2014, after verifying the amount of overdue principal and interest, Ms. Lin and Mr. Zhong entered into a Loan Contract memorializing the amount of money that Respondent owes Ms. Lin. This Contract gave Mr. Zhong until June 30, 2014 to pay off the loan principal and interest.  A true and genuine copy of the Contract, in Mandarin and English, is attached as **Exhibit 3**.

4. Mr. Zhong failed to fulfil his payment obligations under the Contract. Ms. Lin mailed several default notices to Mr. Zhong and sent a lawyer's letter to Mr. Zhong to demand payment. Mr. Zhong ignored these requests.

### The Parties Agreed to Arbitrate All Disputes

8. The Contract contained the following arbitration provision providing for final resolution of any disputes:

> Any disputes arising from or related to the contract shall be settled
> through amicable negotiation between the two parties. If the negotiation
> fails, the two parties agree to refer the disputes to Guangzhou Arbitration
> Commission for arbitration.

*See* Article 16 of the Contract, **Exhibit 3**.

10. Due to Mr. Zhong's failure to pay amounts due under the Contract and after several futile attempts made by Ms. Lin to have Mr. Zhong comply with the Contract, Ms. Lin filed a request for arbitration on December 31, 2019.

## The Final Arbitration Award

11. The proceedings of the arbitration hearings before a three-member panel are described in great detail in the Final Award. A true and genuine copy of the authenticated Final Award dated November 1, 2020 in Mandarin is attached hereto as **Exhibit 1**. A true and genuine copy of the certified English translation of the Final Award is attached as **Exhibit 2**.

12. At the conclusion of the hearings and proceedings, the arbitral panel issued its Final Award. It provided, *inter alia,* the following relief in favor of the Ms. Lin:

> (i) Mr. Zhong shall repay the loan principal of RMB 6,536,800 and interest to Ms. Lin (as of December 31, 2013, the interest owed by Mr. Zhong was RMB 4,213,252.07, the remaining interest is calculated based on the loan principal of RMB 6,536,800, at a monthly interest rate of 2%, from January 1, 2014 to the day when the debt is settled);
>
> (ii) Mr. Zhong shall compensate Ms. Lin with a notarization fee of RMB 9,475;
>
> (iii) Mr. Zhong shall compensate Ms. Lin the public notification service fee of RMB 6,580;
>
> (iv) Mr. Zhong shall compensate Ms. Lin the lawyer's fee of RMB 30,000 for handling the case;
>
> (v) The case's arbitration fee of RMB 148,966 shall be borne by Mr. Zhong.

(vi) The money payable by Mr. Zhong to Ms. Lin as stipulated in the arbitral award shall be paid by Mr. Zhong in one lump sum within ten days from the day when this arbitral award is served.

(vii) These rulings are final and shall take legal effect from the day when they are made.

13. The Final Award has not been set aside or suspended by a competent authority in the country in which the Final Award was made.

14. As of the date of this Petition, Mr. Zhong has failed to comply with the award and has made no payment at all towards the award.

15. Pursuant to 9 U.S.C. § 207, Ms. Lin has brought this action within three years after the Final Award was made.

16. No grounds exist for this Court to refuse recognition and enforcement of the Award.

## Count I. Claim for Confirmation of the Award pursuant to 9 U.S.C. § 207

17. The United States is a contracting party to the New York Convention.

18. The New York Convention has been implemented in the U.S. by Chapter Two of the Federal Arbitration Act.

19. The Final Award is governed by the New York Convention because it was sited in China, another contracting party to the New York Convention; it involves Ms. Lin and Mr. Zhong who are both Chinese citizens as contracting parties; and satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

20. The Federal Arbitration Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

21. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Final Award.

22. Therefore, the Final Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for the monetary relief awarded by the Arbitration Tribunal.

## Count II. Breach of Contract

23. Mr. Zhong breached a contract that he had with the Ms. Lin to repay the money that he borrowed from her, and the Ms. Lin was damaged as a result.

## Count III. Fraud

24. The Respondent made misstatements regarding his intentions to repay the money that he borrowed from the Ms. Lin. He never had an intent to repay the money that he borrowed from her, which is evidenced by the fact that he made only a few interest payments towards the loan without repaying any principal. Mr. Zhong has repeatedly ignored Ms. Lin's repayment requests, and knew at the time that he borrowed the money that he would move to the United States where Ms. Lin would be unlikely to pursue amounts owed to her. Ms. Lin is now aware that there were other law suits against Mr. Zhong in China and the U.S.

## Count IV. Attachment by Trustee Process

25. The Trustee/Reach and Apply Defendants hold the goods, credits, and effects of Mr. Zhong.

26.     Ms. Lin seeks a trustee process attachment, under G.L. Ch. 246 et seq., on amounts held by the Trustee Defendants for Mr. Zhong until Plaintiffs' Judgment amount is paid in full.

### Count V. Reach and Apply

27.     Mr. Zhong holds an interest in Ant Bicycle, Seabusiness, and Couree, and his interest are subject to be reached and applied, pursuant to G. L. c. 214, § 3 (6)-(7), in satisfaction of amounts that Mr. Zhong owes to her.

### Requests For Relief

WHEREFORE, Ms. Lin respectfully requests that this Court:

1.      Issue an order pursuant to 9 U.S.C. § 207 recognizing and confirming the arbitration panel's Final Award;

2.      Enter judgment in favor of Ms. Lin JIEWEN LIN and against Respondent BINGLING ZHONG for $1,679,619.25 plus interest in accordance with the Final Award;

3.      Award Ms. Lin any post-judgment interest, pursuant to 28 U.S.C. § 1961, that may become due and owing to Ms. Lin from Respondent after this petition has been granted and judgment has been entered in this case; and

4.      Enter judgment against the Trustee/Reach and Apply Defendants charging them as trustee of the Plaintiff of the goods, credits, or effects of Mr. Zhong that they hold until the judgment is paid in full.

5.      That the Court permit the Plaintiff to reach and apply towards its judgment all interests, including stock certificates, rights to distributions, rights to manage the business, and all other interests, held by the Defendant in Ant Bicycle Inc., Seabusiness Inc., and Couree Inc..

6.      Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Joseph Perl*
_____
Joseph Perl
Attorney for Plaintiff
B.B.O. 680509
203 Arlington St., Suite 2
Watertown, MA 02472
781-704-7047
Dated: March 24, 2021

Jessie Weiner (Pro-Hac Vice Pending)
YK Law LLP
32 East 57th Street, 8th Floor
New York, NY 10022