**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JIEWEN LIN,<br><br>              Plaintiff,<br><br>                    v.<br><br>BINGLIN ZHONG, ANT BICYCLE INC., SEABUSINESS INC., COUREE INC.,<br>              Defendants. | No. 21-cv-10510-GAO |

**ORDER ON DEFENDANT'S MOTION TO VACATE**

CABELL, U.S.M.J.

## Introduction

On March 25, 2021, plaintiff Jiewen Lin brought suit against Binglin Zhong to confirm and enforce a 2020 arbitration award rendered against Zhong in China.  On June 14, 2021, the court defaulted Zhong for failure to appear and, on August 17, 2021, entered default judgment against Zhong in the principal amount of a little over three and a half million dollars.  (D. 25).

Approximately four years later, on July 2, 2025, Zhong filed a motion to vacate the default judgment.  He contends that he does not know the plaintiff, does not know of the arbitration award entered against him in China, and asserts he promptly moved to vacate the default upon learning of Lin's claim against him.  (D.

46, 47).  The plaintiff opposes the motion.  (D. 50).  For the reasons explained below, the motion to vacate will be denied.[1]

**<u>Legal Standard</u>**

Zhong moves to vacate the default judgment pursuant to "Fed. R. Civ. P. 55(c) and 60(b)."  Rule 55(c) authorizes a court to set aside a final default judgment under Rule 60(b), which in turn provides that a court may vacate a default judgment for the following six reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6). Zhong's counsel clarified at the hearing on his motion that he

---

[1] On March 6, 2026, the defendant filed a notice of Chapter 7 bankruptcy.  (D. 59).  Among other things, the filing of a bankruptcy petition operates as a stay to "the enforcement, against the debtor. . .of a judgment obtained before the [bankruptcy filing]."  11 U.S.C. § 362(a)(2).  That provision does not apply here because the motion to vacate does not seek to advance the enforcement of the plaintiff's judgment against the defendant, but rather seeks to defeat it.

moves specifically pursuant to subsection (b)(1) (mistake, inadvertence, surprise, or excusable neglect).

Critically, "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *Kemp v. United States*, 596 U.S. 528, 533 (2022). A movant may not use the concept of "reasonable time" available for motions filed for reasons (4) through (6) to extend the one-year limit. *United States v. Marin*, 720 F.2d 229, 231 (1st Cir. 1983) ("[Expiration of the one-year period] is an absolute bar to relief from the judgment."); *Ackermann v. United States*, 340 U.S. 193, 197 (1950) ("It is immediately apparent that no relief on account of 'excusable neglect' was available to this petitioner" for a judgment more than four years old).

**Discussion**

The defendant argues that his default was the result of a language barrier and his unfamiliarity with the U.S. legal system. He effectively concedes that he received mail correspondence alerting him to the present case but contends he did not know what it was because his English skills are "severely limited", and he relied upon his child to help him navigate daily life in America. (D. 47, pg. 5). He contends that "without an understanding of the

3

U.S. legal system and the ability to minimally read and write English, [he] did not have full knowledge of the claims against him until after he found an attorney who can communicate with him in Cantonese." (*Id.*).  Moreover, the defendant contends that he has a potentially meritorious defense to the underlying suit, which arises from a contract dispute, because there is evidence suggesting that he did not reside where the contract alleged he did, and the signature on the contract purporting to be his does not match the signature on his Massachusetts driver's license. (*Id.*, pgs. 5-6).

However, even assuming for the sake of argument that the defendant's assertions, if credited, could constitute excusable neglect and suggest the possibility of a non-frivolous defense, it still would not entitle him to relief on his motion.  That is because he did not file the motion to vacate until almost four years after the entry of judgment, well past Rule 60(b)(1)'s strict one-year deadline.  Under the well-established case law noted above, the motion must accordingly be denied as untimely.  *See United States v. Marin*, 720 F.2d at 231 (Rule 60(b) motion alleging newly discovered evidence and fraud was time barred where it was filed 28 months after judgment was entered); *Gonzalez v. Walgreens Co.*, 918 F.2d 303, 305 (1st Cir. 1990) (motion time barred where filed 14 months after judgment was entered).

But to be clear, the motion to vacate would fail on the merits even if timely, because the defendant cannot show his failure to defend the suit was the result of excusable neglect. A court's "evaluation of what constitutes excusable neglect is an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001).

Here, the defendant acknowledges that he received notice of the present litigation but explains that he did not understand the import of the materials based on his unfamiliarity with the American legal system and limited English skills. These assertions ring somewhat hollow when considered in light of other information in the record, however. Among other things, the defendant avers that he has resided in the United States since 2014, and the plaintiff has submitted a filing from a 2019-2020 Massachusetts Superior Court lawsuit reflecting that the defendant was operating Ant Bicycle as early as November 2018.[2]  (D. 47-1; 50-3 ¶¶ 2-6). These facts at a minimum suggest that the defendant, even if

---

[2] The defendant apparently defaulted in that case as well.

hampered by a language barrier, was sophisticated enough and sufficiently connected to the local community and world of commerce to understand how to create and operate his own business in America.  The court also credits the plaintiff's assertion that Zhong was a defendant in a civil commercial lawsuit in 2020 in California.  Again, even if these facts do not totally refute the defendant's assertion that he was not completely well versed in American commercial and legal affairs, they show that he nonetheless had considerable exposure to these facets of daily life and would or should have appreciated the need to monitor rather than ignore official-looking correspondence.

Significantly, the court also credits the plaintiff's assertion that the defendant in February 2024 was contacted by and interacted with a representative of the plaintiff in this lawsuit, Yongyuan Li.  (D. 50-1).  Although the defendant apparently refused to acknowledge the validity of the judgment entered against him, he did acknowledge receiving document requests relating to post judgment collection efforts.  This alone demonstrates that the defendant was aware of the underlying lawsuit and the default judgment more than a year before he moved to vacate the judgment in July 2025, and it thus refutes his contention that he moved to vacate the default judgment as soon as he became aware of it.

6

111111111111

In sum, the defendant's motion to vacate the default judgment fails because it is untimely and would fail on the merits if reached because he cannot show the default judgment was the result of excusable neglect.[3]

**Conclusion**

For the foregoing reasons, "Defendant, Binglin Zhong's, Motion to Vacate Default Judgment" (D. 46) is **DENIED**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 23, 2026

---

[3] The same would be true even were the defendant to recast his motion as one filed pursuant to Rule 60(b)(6).  That catch-all provision authorizes courts to grant relief from judgments for "any other reason that justifies relief."  To prevent circumvention of Rule 60(b)(1)'s one-year time limit, a party may use Rule 60(b)(6) only when the other five subsections do not apply. *Ungar v. Pal. Liberation Org.*, 599 F.3d 79, 85 (1st Cir. 2010).  In other words, "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005); *Waterfall Victoria Grantor Trust Series II, Series G v. Blodgett*, 2022 WL 20726190, at *5 (D. Mass. Sept. 30, 2022).  The defendant argues that the default judgment should be vacated because he was "not familiar with the [U.S.] legal system" and had limited English skills, but these are the exact same reasons he argued at the hearing as warranting relief under subsection (b)(1), and they therefore cannot constitute separate grounds for relief under Rule 60(b)(6).  Moreover, the First Circuit has held in an analogously similar case that a defendant moving for relief on the grounds that he was a foreigner unfamiliar with the American legal system could not avail himself of Rule 60(b)(6), but rather was "limited to seeking relief from judgment on grounds of excusable neglect pursuant to Rule 60(b)(1)," under which he was barred by the one-year time limitation. *See Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002).